**IN RE RESIDENTIAL CAPITAL, LLC, Debtor,**

**Francine Silver, Appellant,**

v.

**ResCap Borrower Claims Trust, Appellee.**

**No. 16–1273–bk**

United States Court of Appeals, Second Circuit.

October 11, 2017

FOR APPELLANT: Francine Silver, pro se, Los Angeles, California.

FOR APPELLEE: Norman S. Rosenbaum, Jordan A. Wishnew, Jessica J. Arett, Morrison & Foerster LLP, New York, New York.

PRESENT: ROBERT D. SACK, REENA RAGGI, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Francine Silver, proceeding *pro se*, appeals from the affirmance of decisions of the United States Bankruptcy Court for the Southern District of New York (1) disallowing the claim she lodged with Res-Cap Borrower Claims Trust (the "Trust") for wrongful foreclosure and unjust enrichment by Debtor, and (2) denying her unopposed motion for immediate payment of that claim. In addition to challenging the bankruptcy court's decisions on the merits, Silver questions the impartiality of both the bankruptcy and district court judges. In reviewing these claims here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### 1. Merits Challenge to District Court Decision

We conduct a plenary review of the merits of a decision by a district court functioning as an intermediate appellate court in a bankruptcy case, assessing legal conclusions *de novo* and factual findings for clear error. *See In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015). On such review, we conclude, substantially for the reasons stated by the district court in its well-reasoned March 22, 2016 Memorandum and Order, that the bankruptcy court properly denied Silver's claims, and that the bankruptcy judge was impartial.

### 2. District Judge's Impartiality

For the first time on appeal, Silver questions the district judge's impartiality. Although we have the discretion to reach such an argument, we will generally decline to do so where the argument was available to the party below and she proffers no reason for her failure to raise it there. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Silver maintains that her failure is explained by her discovery of the facts on which she bases her partiality claim only after the district court ruled against her. But these facts were a matter of public record and, thus, were available to Silver well before the challenged ruling. In these circumstances, we decline to exercise our discretion to address the partiality claim on appeal.

Even if we were to do so, however, Silver's arguments would fail on the merits, as there is no basis in the facts she asserts to conclude that the district judge's "impartiality might reasonably be questioned" by an objective observer. *See SEC v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (quoting 28 U.S.C. § 455(a)).

We have considered Silver's remaining arguments and conclude that they are

without merit. Accordingly, we AFFIRM the judgment of the district court.